470 So.2d 460 (1985)
MILTON J. WOMACK, INC.
v.
The LEGISLATIVE BUDGETARY CONTROL COUNCIL and the Office of Facility Planning and Control of the State of Louisiana.
No. CA 84 0392.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*461 Russell L. Dornier, Baton Rouge, for plaintiff-appellant Milton J. Womack, Inc.
Robert L. Roland, Baton Rouge, for intervenor-appellee Associated General Contractors of Louisiana, Inc.
Thomas Warner, III and Kevin Torres, State of La. Div. of Admin., Baton Rouge, for defendant-appellee Facility Planning and Control Section Div. of Admin.
Bert K. Robinson, Baton Rouge, for defendant-appellant Legislative Budgetary Control Council.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This is a suit against the Legislative Budgetary Control Council and the Office of Facility Planning and Control of the State of Louisiana seeking a writ of mandamus directing the defendants to provide plaintiff with a cause for rejection of plaintiff's low bid on a public project.

*462 FACTS
This case arises out of an advertisement for submission of bids for the completion of renovations to the House of Representatives in the State Capitol Building. Using the packet of documents furnished by the state of Louisiana, the plaintiff submitted a bid on the project. Under the authority of La.R.S. 38:2214[1] all bids submitted were rejected.
By letter to Mr. Charles E. Schwing, FAIA, plaintiff requested notification of the "cause" for rejection of its bid. Plaintiff received an answer from the Office of Facility Planning and Control stating that the Legislative Budgetary Control Council was owner of the subject project, and thus Facility Planning and Control was not in a position to provide information as to the "cause" for rejection of bids. In its petition, plaintiff alleges that the Legislative Budgetary Control Council "contends that it has no knowledge or information available to it which would enable it to respond to plaintiff's inquiry."
After making some changes in the specifications, any interested party was invited to submit bids on the project. Plaintiff chose not to rebid on the project while attempting to gain reason for rejection of its original bid.
Since plaintiff could not obtain information regarding the rejection of bids from either of the defendants, plaintiff filed this suit for mandamus. Several days after plaintiff filed its suit, the Legislative Budgetary Control Council awarded the contract for renovations to the House of Representatives to Crump Construction Company. This court has been led to believe that this contract has been completed, and possibly, the work accepted.
To the petition and amended petition, the Office of Facility Planning and Control filed the dilatory exception raising the objection of unauthorized use of summary proceedings, and the Legislative Budgetary Control Council filed the same objection in addition to the peremptory exception raising the objections of no cause of action and no right of action.

TRIAL COURT
The trial court denied all exceptions, dismissed the suit as against the Office of Facility Planning and Control, and granted the writ of mandamus against the Legislative Budgetary Control Council directing it to provide plaintiff with "cause" for rejection of plaintiff's bid.
From this judgment, the Legislative Budgetary Control Council appeals, and the plaintiff also appeals insofar as the judgment dismissed the Office of Facility Planning and Control.

ASSIGNMENTS OF ERROR
In appealing the Legislative Budgetary Control Council contends the trial court erred:
1) in granting the writ of mandamus when other, and ordinary, remedies were available to plaintiff, and where neither *463 injustice nor delay would result from resort to those remedies;
2) in overruling defendant's peremptory exception raising the objection of no cause of action;
3) in overruling defendant's peremptory exception raising the objection of no right of action;
4) in overruling defendant's dilatory exception raising the objection of unauthorized use of summary proceedings;
5) in inferring that La.R.S. 38:2214 required a publication of cause for rejection of all bids, enforceable by the extraordinary writ of mandamus; and
6) in ruling that a clearly prescribed ministerial duty is imposed by La.R.S. 38:2214 which requires that the governing authority provide reasons to the submitters of bids on public works projects for the rejection of all bids.
Plaintiff took a protective appeal contending that at least one of the defendants should be required to furnish the information, and it has no qualm with that information being furnished by either of the two defendants.

I
La.R.S. 38:2214 A(2) provides that "the public entity may reject any and all bids for just cause." Paragraph B of Section 2214 provides that "on all state projects, the Facility Planning and Control Department of the office of the governor shall have the authority to determine what constitutes cause for rejection of a bid."
The legislative history of La.R.S. 38:2214 firmly establishes that prior to 1982 a public entity could reject any and all bids. No mention is made of the necessity for cause. However, Acts 1982, Nos. 691 and 695 both changed this section. Act 691 inserted that bids could be rejected "for cause, subject to the appeals procedure as provided in La. R.S. 38:2212 (J)." Act 695 also made changes in the previous statute although the part regarding the rejection of bids was left entirely at the whim of the public entity without regard to "cause."
During the 1983 regular session the legislature amended section 2214 in order to reconcile the conflicts created by the 1982 legislation. In its present form La.R.S. 38:2214 A(2) states that "the public entity may reject any and all bids for just cause." The reference to the appeals procedure was omitted. This legislation, Acts 1983, No. 111, was effective August 30, 1983. Thus we conclude that in rejecting any and all bids, a public entity must have "just cause."

II
Defendant appellant argues that under La. Code Civ.P. art. 3862[2], mandamus should issue only in those cases where the law provides no relief by ordinary means. Defendant then suggests submission of a new bid, injunctive proceedings to prevent readvertisement for bids, or seeking information by utilizing discovery devices in conjunction with an action in damages as other ordinary means rather than mandamus. It obviously occurs to this court that all plaintiff sought was the reason for the rejection of the bids. We question very seriously whether a resubmission of a bid or an injunctive proceeding to prevent readvertisement would have obtained for plaintiff the sought after information. Additionally, we find ludicrous the suggestion that plaintiff file an action in damages for the purpose of utilizing discovery *464 devices to determine the "cause" for the rejection of the bids.
Defendant has failed to point out to this court, and we have been unable to discover any other "ordinary means" by which plaintiff could obtain the information sought, other than by mandamus. Thus we conclude that as to this issue, there is no obstacle to the use of mandamus.

III
Defendant-appellant next argues that inasmuch as La.Code Civ.P. art. 3863[3] provides for mandamus directed to a public officer to compel the performance of a ministerial duty required by law, and that La.R.S. 38:2214 does not expressly require the divulgence of the "just cause" for the rejection of any and all bids, then mandamus is inappropriate.
We have already held that La.R.S. 38:2214 mandates "just cause" for the rejection of bids. We do not interpret the action of the legislature in changing the law, La.R.S. 38:2214, from one allowing the rejection of any and all bids without regard to cause to one requiring "just cause" to imply that the public entity need not tell a rejected bidder the "cause" for the rejection. The rejection of bids will be either for "just cause" or will be for an arbitrary and capricious reason. The refusal of the public entity to divulge the reason for the rejection would defeat the purpose of the legislationthe rejection of bids for just cause only. If only the public entity knows the reasons for the rejection of bids, but yet refuses to divulge the reason for the rejection, then what safeguard is there that the rejection was for "just cause"? To conclude otherwise is to make a mockery of the law. We are of the opinion that the bidder in the instant case has a right to know the reason for the rejection, and the legislature has imposed a duty on the public entity to inform a requesting bidder of the reason for the rejection. Thus, we conclude a ministerial duty exists to inform of the reasons for the rejection.

IV
The trial court did not direct the publication of the reason for rejection of the bids. Thus, defendant's assignment of error directed to this issue is without merit.

V
Inasmuch as we have concluded that mandamus was an appropriate remedy, and the public entity has a ministerial duty to inform of the reasons for the rejections for bids, there is no need to discuss the peremptory exceptions raising the objection of no right of action and no cause of action. Obviously plaintiff has a right of action, and he has stated a cause of action.
As to the dilatory exception raising the objection of unauthorized use of summary proceedings, La.Code Civ.P. art. 2592(6) specifically provides for such use.

VI
From our review of the record, we conclude that the Office of Facility Planning and Control took no part in the bid process for the subject project, and made no determination of "just cause" for the rejection of bids. Thus, the trial judge was correct in dismissing this defendant from these proceedings.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs in the amount of $539.40.
AFFIRMED.
NOTES
[1] La.R.S. 38:2214 provides:

A. (1) The public entity desiring to let a contract for the purchase of materials or supplies, or for the construction of public works, shall, in its resolution providing for the contract or purchase and for the advertisement for bids, designate the time and place that the bids will be opened and shall at the place and time specified open the bids.
(2) The public entity may reject any and all bids for just cause.
(3) Bids containing patently obvious mechanical, clerical, or mathematical errors may be withdrawn by the contractor if clear and convincing sworn, written evidence of such errors is furnished to the public entity within forty-eight hours of the bid opening excluding Saturdays, Sundays, and legal holidays. If the public entity determines that the error is a patently obvious mechanical, clerical, or mathematical error, it shall accept the withdrawal and return the bid security to the contractor.
(4) A contractor who attempts to withdraw a bid under the provisions of this Section shall not be allowed to resubmit a bid on the contract. If the bid withdrawn is the lowest bid, the new lowest bid may be accepted.
B. On all state projects, the Facility Planning and Control Department of the office of the governor shall have the authority to determine what constitutes cause for rejection of a bid.
[2] La.Code Civ.P. art. 3862 provides:

A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
[3] La.Code Civ.P. art. 3863 provides:

A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.