577 So.2d 86 (1990)
TRIAD RESOURCES AND SYSTEMS HOLDINGS, INC.
v.
PARISH OF LAFOURCHE, et al.
No. 89 CA 1671.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Rehearing Denied February 13, 1991.
Writ Denied April 11, 1991.
*87 Harry C. Stumpf, Stumpf, Dugas, LeBlanc, Papale & Ripp, Gretna, La., for plaintiff-appellant Triad Resources and Systems Holdings, Inc.
Donald Harang, Jr., Denise Allemand, Larose, La., for defendant-appellee Solid Waste Disposal, Inc.
John L. Lanier, Pugh, Lanier & Riviere, Thibodaux, for defendant-appellee Lafourche Parish Council.
Jerald P. Block, Thibodaux, for defendant-appellees Ernest "Tibby" Boudreaux, Isaac Johnson and Robert Naquin.
Lisa M. Geary, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendant-appellee Nat. Union Fire Ins. Co. of Pittsburgh, Pa.
John T. Culotta, Richard T. Simmons, Jr., Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendant-appellee Bobby Tardo.
H. Harwell Herrin, Golden Meadow, for defendant-appellee Perry Gisclair.
M.T. Melvin, Larose, for defendant-appellee
*88 Louis A. Breaux, Lockport, pro se.
Steven D. Wilson, Raceland, pro se.
Wayne P. Watts, Raceland, pro se.
Daniel Lorraine, Galliano, pro se.
Andrew "Drew" Johnson, Houma, pro se.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
In compliance with the Public Bid Law (La.R.S. 38:2211 et seq.) the Lafourche Parish Council (Council) advertised bids for the transfer of solid waste generated in Lafourche Parish to an approved solid waste disposal site outside Lafourche Parish. Triad Resources and Systems Holdings, Inc. (Triad) and Solid Waste Disposal, Inc. (Solid Waste), among others, submitted bids for the project. Trial submitted the lowest bid and Solid Waste submitted the second lowest bid.
The engineering and environmental research firm of T. Baker Smith & Son, Inc. was retained by the Council to prepare the bid specifications, analyze the bids submitted and advise the Council in awarding the contract. Horace Thibodaux, an employee of the retained firm, was assigned by the firm to manage the project. Based on Thibodaux's recommendation, the Council voted to consider disqualifying Triad on several grounds:
(1) Lack of Triad Resources & Systems Holdings, Inc.'s justification and required submittal of your financial capability to perform the work being contemplated with respect to the referenced subject.
(2) Lack of experience concerning solid waste and solid waste transportation with respect to the work being contemplated.
(3) Lack of submitting necessary equipment which your firm would have available for the work being contemplated.
(4) The economic unfeasibility of Triad Resources & Systems Holdings, Inc. proposal to dispose of all solid waste generated within Lafourche Parish at an out-of-parish approved sanitary landfill and specifically the quotation of the tipping fee charged for disposal.
(5) Your bid document as submitted on January 22, 1987 contains an approval from the DEQ to operate a construction and demolition site in the rear of the proposed pick up station which is contrary to the requirements that all waste be transported out of Lafourche Parish.
Triad received written notice from the Council of the proposed disqualification and the reasons therefor. Triad was given the opportunity to refute the charges for the proposed disqualification before the Council on February 5, 1987. On February 11, 1987, the Council voted to disqualify Triad and to award the contract to Solid Waste.
Triad instituted this action against the Council, individual council members, their insurer, and Solid Waste. Numerous third party actions were instituted among the parties. After trial on the merits judgment was rendered in favor of defendants. From this judgment Triad appeals enumerating seven assignments of error:
(1) The trial court erred in concluding that the Council did not need "just cause" to disqualify Triad as an irresponsible bidder.
(2) The trial court erred in concluding that Triad's failure in submitting an annual fiscal statement and its failure to enumerate in the bid the specific equipment to be used in performance of the contract constituted just cause to reject Triad's bid.
(3) The trial court erred in determining that due process did not require that Triad receive formal written notice of disqualification and the specific reasons for disqualification prior to awarding the contract to Solid Waste.
(4) The trial court erred in determining that Triad's presence at the February 11 meeting satisfied the procedural due process requirements of formal written notice of disqualification.
(5) The trial court erred in failing to find that the disqualification of Triad and the subsequent award of the contract to Solid Waste was arbitrary and capricious.
*89 (6) The trial court erred in finding that the Council and individual Councilmembers were not arbitrary and capricious.
(7) The Trial court erred in failing to impute the alleged wrongful acts of Mr. Thibodaux to Solid Waste.

DISQUALIFICATION OF TRIAD
Under the Public Bid Law the contract must be awarded to the "lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised." La.R.S. 38:2212(A)(1)(a). The lowest responsive bidder may be disqualified when the public entity awarding the contract has just cause to determine the bidder is not responsible. See Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178, 191 (La. App. 1st Cir.), writ denied, 493 So.2d 1206 (1986). Under such circumstances the lowest responsive bidder has a protected interest, that of receiving the advertised contract, which cannot be deprived without procedural due process. Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979). La. R.S. 38:2212 was amended by La.Acts 1979, No. 795, § 1, which added subsection J in an attempt by the legislature to comply with the procedural safeguards enumerated in Haughton.
The Public Bid Law further provides that any and all bids may be rejected for just cause. La.R.S. 38:2214(A)(2). A bid which is not in conformity with the advertised plans and specifications may constitute just cause for rejection when the deviation from the plans and specifications is substantive. Pittman, 493 So.2d at 191. The procedural due process requirements enumerated in Haughton are not applicable where the bid is substantially unresponsive to the specifications. Such bidder does not have the protected interest in being awarded the contract which the low responsive bidder in Haughton was determined to have. Williams v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 388 So.2d 438 (La.1980). Due process mandates, however, that the awarding authority, after careful consideration of the written bid, act in a manner that is not arbitrary. Id. at 441. Additionally, the rejected low bidder should be informed.... of the reason for the rejection. Milton J. Womack, Inc. v. Legislative Budgetary Control Council, 470 So.2d 460 (La.App. 1st Cir.1985).
Part I, Section G of the advertised bid Specifications required the inclusion of, among other things, an accompanying statement of the bidder's financial resources and equipment available for the work contemplated. The accompanying document entitled "Statement of Bidder's Qualifications" required the latest annual fiscal statement certified by either an independent certified public accountant or notary and a detailed list of the equipment available for use on the contract.
In response to the required latest annual fiscal statement, Triad submitted only the following statement:
Triad Resources and Systems Holdings, Inc. is a new corporation and, as such, has no prior project experience, however, the officers of the firm have extensive experience in materials handling and transport. See attached sheet. To date there has been no annual fiscal statement prepared by an independent Certified Public Accountant.
Rather than submitting a detailed list of the equipment available for use on the contract Triad submitted the following:
Triad Resources and Systems Holdings, Inc. is a new corporation and will lease, rent or purchase all equipment deemed necessary to perform the contract work.
The entire pickup procedure will be done in a 25,000 square foot dome with 65' ceiling heights. Conventional packers and transfer trailers will be intricate parts in this disposal process. If successful with proposal, we will demonstrate the efficient and timely operation with the most stringent regulations handed down by the Department of Environmental Quality.
Without the necessary financial resources Triad would have been unable to *90 perform the contract including obtaining and maintaining the necessary equipment. From Triad's bid the Council could not evaluate Triad's financial stability. The Council was also unable to determine from Triad's bid whether the equipment necessary to load and transfer the solid waste was suitable and sufficient to satisfactorily perform the contract. Triad's bid was not responsive to the advertised specifications in substantive matters, thus, Triad had no protected interest in being awarded the contract. Neither was it entitled to the due process requirements of Haughton. To allow a substantially unresponsive bidder the right to a hearing to either supplement or clarify the unresponsive bid would be in contravention of the purpose and spirit of the Public Bid Law and would result in that bidder receiving an unfair advantage over responsive bidders. Triad's bid should have been rejected under La.R.S. 38:2214 rather than at a disqualification proceeding under Haughton and La.R.S. 38:2212(J). The actions of the Council and individual councilmembers were neither arbitrary nor capricious in voting to reject or disqualify Triad.

PREFERENTIAL TREATMENT OF SOLID WASTE
In the fifth assignment of error Triad contends that the Council either waived or overlooked several deficiencies or variances in Solid Waste's bid. In written reasons for judgment the trial court found that Solid Waste was not given preferential treatment. A careful review of the record reflects no manifest error therein.

PARISH CONSULTANT
In the seventh assignment of error Triad alleges that because Mr. Thibodaux was employed as a consultant by Solid Waste at the same time that he was acting as a consultant to the Council, any wrongful acts of Mr. Thibodaux committed in the performance of his duties to the Council should be imputed to Solid Waste.
It is uncontested that Mr. Thibodaux was employed personally as a consultant to Solid Waste on a solid waste collection contract with the City of Thibodaux. This employment relationship between Solid Waste and Thibodaux commenced several years prior to January, 1987, and continued through the time of trial.
In written reasons for judgment the trial court found that Mr. Thibodaux's compensation from Solid Waste was for work on another contract. He found no evidence of conspiracy or collusion between Mr. Thibodaux and Solid Waste or the Council.
Although we question the propriety of Mr. Thibodaux's acting as consultant to the Council after learning that Solid Waste submitted a bid on the contract at issue, the record reveals that in addition to Thibodaux's recommendation to disqualify, individual councilmen also voiced concern with the sufficiency of the equipment proposed by Triad and with Triad's financial condition. The concern remained even after Triad was allowed to supplement and clarify its bid.
After careful review of the record we find the factual determinations of the trial court are not clearly wrong. The judgment of the trial court is affirmed. Costs are assessed against appellant.
AFFIRMED.