ROBERT J. BURNS, J. Pro Tem.
Baron Construction Company, Inc. (Baron) appeals a district court judgment denying its petition for injunctive relief and damages. We affirm.
On August 1, 1991, the Jefferson Parish School Board received bids for the construction of a domestic water pipe line at West Jefferson High School. Baron submitted the lowest of the six bids. The School Board’s construction manager recommended that Baron be awarded the project after the Licensing Board certified that Baron was properly licensed to bid and perform the work. However, the School Board was advised by the State Plumbing Board that Baron did not have the proper state plumbing license. The School Board then changed its recommendation to award Aardvark Contractors, Inc., the contract since it was the next lowest bidder.
Baron filed suit in district court seeking injunctive relief and damages against the School Board. At the conclusion of trial, the judge ruled in favor of the School Board, finding that Baron’s bid was properly rejected and that there was no violation of due process by the School Board. Baron appealed that judgment.
Baron first contends that the School Board acted without just cause in requiring Baron to identify a subcontractor if one was to be used for the project. However, Article 6.29.2 of the Project Manual given to every bidder, specifically required each bidder to identify a subcontractor.
“Identification of all intended subcontractors by contractor shall be a condition precedent to selection by owner of contractor for work contemplated by these contract documents.”
Baron’s position is that it was not a “contractor” during the bidding process and therefore, the provisions of 6.29.2 do not apply. We agree with the trial judge that this interpretation leads to the absurd result that a contract cannot be signed until a subcontractor is identified, yet they do not have to be identified until the contract has been signed. The trial court correctly interpreted Art. 6.29.2 of the Project Manual and found that Baron met all the conditions to qualify as a contractor and therefore failed to comply with that Article.
Furthermore, Baron contends that the School Board arbitrarily chose to disqualify the low bidder by refusing Baron the right to subcontract the work. La.R.S. 38:2214 states that a public entity may reject any and all bids for just cause. See Milton J. Womack, Inc. v. Legis. Budgetary Control, 470 So.2d 460 (La.App. 1st Cir.1985). The record in this case establishes that the School Board afforded Baron ample opportunity to comply with the project manual relative to the right to subcontract to work. Baron failed to avail itself of that opportunity.
*29 At trial, testimony established that on August 22, 1991, the School Board contacted Baron and allowed them two (2) weeks to get a license from the State Plumbing Board and if a license was received the bid would be accepted at the next meeting on September 4, 1991. In addition, the School Board even directed Baron to the government agency responsible for issuing a license; yet Baron failed to obtain the license. Therefore the next lowest bid was accepted.
On September 6, 1991, the School Board wrote a letter to Mr. Orgeron, the president of Baron. In this letter Baron was advised that its bid would be rejected “unless (Baron) could show evidence that (the) company is properly licensed by the State Plumbing Board of Louisiana.” Once again Baron failed to give the School Board evidence that it was properly licensed.
Additionally, the School Board held a hearing on September 18, 1991 which Mr. Orgeron attended. The evidence shows that at no time during this hearing did Mr. Orgeron advise the School Board that Baron obtained a license or that it intended to hire a subcontractor. The burden was on Baron to advise the School Board of its intent to subcontract the plumbing work or to obtain á proper license. In fact, Baron misled the School Board in its letter dated August 9,1991 which states that Randy St. Pierre, a licensed plumber, was a member of Baron’s firm. This is contrary to the testimony and evidence which indicates that Mr. St. Pierre owns his own business and had no intention of working for Baron. The School Board had no choice but to disqualify Baron from the project.
Baron also contends that the trial court committed reversible error by justifying disqualification on grounds different from those originally stated by the School Board. Specifically, Baron argues that the School Board always maintained that lack of a state plumbing license was the sole ground for disqualification. Therefore, according to Baron, the trial court acted improperly in assigning failure to comply with Art. 6.29.2 of the Project Manual as a ground for disqualification. It is true that the School Board advised Baron on several occasions that they could not recommend them for the project because they were not properly licensed. However, at trial it was Baron who alleged its right to subcontract the plumbing work. Consequently, Baron itself introduced the interpretation of Art. 6.29.2 as an issue in this case. There exists no valid ground to support Baron’s contention that the trial court committed reversible error.
Accordingly, the district court judgment is affirmed with Baron Construction Company, Inc. to bear costs of this appeal.
AFFIRMED