CRAIN, Judge.
In July, 1986, the Lafourche Parish Council (Council) published an invitation for bids for the transfer for solid waste generated in Lafourche Parish (Parish) to an approved solid waste disposal site by the bailing process method. The bids were prepared by the engineering firm of T. Baker Smith & Son, Inc. Its employee, Horace Thibodaux, a consulting engineer, was retained as a consultant to the Council in this matter. Thibodaux’s duties included preparing bid specifications, evaluating the bids submitted, as well as advising the Council on selecting the lowest responsive, responsible bidder.
At a public Council meeting held on December 1, 1986, Enerland was the apparent low bidder. However, at that meeting, the Council voted to reject all bids and to rebid the project. As a result, new bid specifications were prepared and bid invitations were subsequently advertised. Enerland, Triad Resources and Systems Holdings, Inc. (Triad) and Solid Waste Distributors, Inc. (SWDI) submitted bids on this proposed project. Triad, the low bidder, was disqualified. The contract was awarded to SWDI in February, 1987.[1]
On June 6, 1987, Enerland instituted an action against the Parish; the Council; individual Council members; T. Baker Smith & Son, Inc.; Horace Thibodaux and SWDI. Plaintiff alleged the Council was arbitrary and capricious in voting to rebid the project at the December 1, 1986, meeting rather *131 than voting to award the contract to Ener-land, thereby depriving Enerland of its constitutionally protected rights. The Council’s actions were allegedly due to ulterior motives. Thibodaux and T. Baker Smith & Son, Inc. were on retainer of SWDI at the time Thibodaux was a consultant to the Council on this matter; thus Thibodaux allegedly used his influence on the Council to encourage the rejection of all bids, and to rebid the project in order to ensure the award of the contract to SWDI. Enerland seeks to have the court declare the contract awarded to SWDI null and void; to issue a writ of mandamus directing the Council to accept Enerland’s bid from the first or original bidding and award the contract to En-erland. Enerland further seeks the award of damages and attorney’s fees.
Motions for summary judgment and the peremptory exception raising the objections of no cause of action and no right of action were filed by defendants. Additionally, the Parish, the Council and individual councilmen filed a third party demand against their insurer, National Union.
The trial court maintained the objection of no cause of action raised by the Parish, the Council, the individual councilmen and SWDI. Additionally, summary judgment was rendered in favor of all defendants.
Enerland appeals alleging as error the trial court’s application of the ruling in Airline Construction Co., Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990) to the instant matter. It also assigns as error the trial court’s determination that Enerland’s bid was not responsive to the specifications without a prior determination that the Council’s actions were arbitrary and capricious.
NO CAUSE OF ACTION
In written reasons for judgment the trial court held that under the ruling in Airline, supra, Enerland’s petition failed to state a cause of action against the Parish, the Council and the individual councilmen.
Part II of Chapter 10 of Title 38 of the Louisiana Revised Statutes applies to the letting or awarding of public contracts (La. R.S. 38:2211-2226). Under the Public Bid Law the contract must be awarded to the lowest responsible bidder who bid according to the contract, plans and specifications. La.R.S. 38:2212(A)(l)(a). Prior to its amendment by La.Acts.1990, No. 869, Sec. 1 which was effective on July 25, 1990, La.R.S. 38:2220 provided as follows:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general or any interested party possesses a right of action to bring suit for appropriate injunctive relief in the district court to nullify a contract entered into in violation of this Part.
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.
The Supreme Court has held in Airline, 568 So.2d at 1029, that although there is no contractual relationship between an unsuccessful bidder and the public body which advertised for the bids, the unsuccessful bidder has a cause of action to timely challenge the rejection of his bid by seeking appropriate injunctive relief to nullify the contract which was awarded in violation of the public bid law.
Under Airline, an unsuccessful bidder who does not timely avail itself of the form of injunctive relief provided by La.R.S. 38:2220 waives any claims, if any are available, for damages against the public entity. The underlying reason is that the public bid law is derived for the benefit of the public, not for the direct benefit of the unsuccessful bidder. Thus, for the benefit of the public fisc “[a]n unsuccessful bidder should not be allowed to sit on its knowledge of the violation and claim damages after the public body can no longer as a practical *132 matter correct any errors in letting the contract.” Airline, 568 So.2d at 1035.
This action was instituted before the Supreme Court ruling in Airline. Subsequent to that decision defendants urged the exception raising the objection of no cause of action.[2] In response to the exception urged by defendants, Enerland amended its petition (Third Amending and First Supplemental Petition) to allege that at the time of initial filing the Council had not issued to SWDI a work order or notice to proceed; no work had been performed pursuant to the contract; no charges had been incurred by the Council and no payments had been made to SWDI pursuant to the contract. Enerland further alleged in its Third Amending and First Supplemental Petition that the work order to SWDI was eventually issued on or about January 11, 1988; no work was performed by SWDI; on May 4, 1988, the Council voted to rebid the contract; bids were received on August 31, 1988, and the contract was awarded to American Waste and Pollution Control.
Enerland argues in brief that Airline does not apply because under the facts and circumstances of this case the petition was timely in that at the time of the action no funds had been expended by the Council nor had any work commenced under the contract.
[A]n unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter can be taken by the public body ... If an aggrieved bidder does not timely file a suit for injunction, he has waived any right he may have to claim damages against the public body or the successful bidder.
The timeliness of a suit for injunction depends on the facts and circumstances of the particular case, including, among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time that the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction.
Airline, 568 So.2d at 1035.
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
The petition as supplemented and amended, does not state or allege that En-erland seeks injunctive relief; nor does it state that Enerland sought injunctive relief prior to the institution of this action. Ener-land seeks to have the court annul, cancel and vacate the award and execution of the contract; to issue a writ of mandamus ordering the Council to award the contract to Enerland; and damages.
The petition states that Enerland had knowledge of the Council’s alleged arbitrary and capricious rejection of its bid and all bids by at least December 1, 1986, the date of the Council meeting at which the Council voted to reject all bids. Enerland waited to take its chances on submitting a bid on the second invitation for bids. After learning, in February 1987, that the SWDI was awarded the contract, Enerland waited until June, 1987 to institute this action. In light of the above facts and circumstances and under the ruling in Airline, we affirm the judgment of the trial court maintaining the peremptory exception raising the objection of no cause of action in favor of the Parish, the Council and the individual councilmen.
In brief Enerland contends that it did not “sit on its knowledge.” It took quick action to protect its interests, while attempting to avoid litigation and to mitigate damages by submitting a bid on the second invitation. Enerland further states in brief:
Had Plaintiff won the contract upon re-advertising, there would be little or no damage. When the contract was instead *133 awarded to Solid Waste Disposal, Inc., Plaintiff filed suit and did seek injunctive relief, long before the Council or Solid Waste Disposal, Inc., ever even contemplated initiating performance under the contract....
It is true, as the Trial Court asserts, that Plaintiff did not push forward for a temporary restraining order or a preliminary injunction, because the cost of the required bond for such relief was prohibitive. Plaintiff did, however, timely seek injunctive relief....
Pursuant to La.C.C.P. art. 934 when the grounds of the objection pleaded may be removed by amendment of the petition the court shall order such amendment. Since plaintiff states in brief that it timely sought injunctive relief, we amend the judgment of the trial court to grant plaintiff the opportunity to amend its petition, if possible, to state a cause of action.
SUMMARY JUDGMENT
In the second assignment of error appellant contends that the trial court erred in determining that appellant’s bid was not responsive to the specifications thus, Ener-land was not wrongfully deprived on the awarding of the contract.
The trial court rendered summary judgment in favor of the Parish, the Council, the individual councilmen who voted to reject all bids, T. Baker Smith & Son, Inc.; Thibodaux and SWDI. We have already affirmed the trial court’s judgment in maintaining the exception in favor of the Parish, the Council and individual councilmen. We have questions about applicability of Airline to other than public officials and public entities. Consequently, we address here the summary judgment in reference to SWDI, T. Baker Smith & Son, Inc. and Thibodaux.
The lowest responsive, responsible bidder has a protected interest in being awarded the contract from which it cannot be deprived without procedural due process. La.R.S. 38:2212(J); Triad Resources and Systems Holdings, Inc., v. Parish of Lafourche, 577 So.2d 86 (La.App. 1st Cir. 1990), writ denied, 578 So.2d 914 (La.1991). There is a distinction between the disqualification of a low bidder and the rejection of a bid or all bids for just cause as provided in La.R.S. 38:2214(A)(2). The rejection of a bid when not for just cause is arbitrary and capricious and the rejected bidder is entitled to know the reason for the rejection. Milton J. Womack, Inc. v. Legislative Budgetary Control Council, 470 So.2d 460 (La.1985). A bidder rejected for just cause pursuant to La.R.S. 38:2214 has no protected interest in being awarded the contract, and is thus not entitled to a disqualification hearing pursuant to La.R.S. 38:2212(J). Triad v. Parish of Lafourche, 577 So.2d at 89.
A summary judgment should be rendered if the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966.
An unsuccessful bidder does not have a cause of action against the successful bidder under La.C.C. art. 2315. It has a cause of action for damages against a successful bidder under La.C.C. art. 2324.[3] To *134 succeed in such an action it must be alleged and proved that the successful bidder assisted in, or encouraged, a wrongful act whereby he was wrongfully awarded a public contract. Alexander & Alexander, Inc. v. State, Division of Administration, 486 So.2d 95 (La.1986). This would also apply to the consulting engineer retained or employed by the public entity who allegedly conspired with the public entity and the successful bidder who wrongfully obtained the public contract.
A public entity may reject any and all bids for just cause. La. 38:2214. Insufficient budgetary allocations, Daves Insurance Agency, Inc. v. State, 488 So.2d 705 (La.App. 1st Cir.), writ denied, 489 So.2d 236 (La.1986), and the anticipation of inability to fund a proposed project, Department of Transportation & Development, State of Louisiana v. Standard Construction Co. of Georgia, 550 So.2d 1327 (La.App. 1st Cir.1989), writ denied, 559 So.2d 120 (La.1990), have been held to be just cause to reject all bids.[4]
The minutes of the Council meeting of December 1,- 1986, were apparently attached to the Council’s and the Parish’s Motion for Summary Judgment. A comparison was made between the 1986 and 1987 Budget which reflected a decrease of $1,382,000 in the 1987 general fund from that of 1986. The Council had been exploring alternative and less expensive means of solid waste disposal. Approximately $1,900,000 was said to be available in 1987 for payment of solid waste disposal. Thi-bodaux stated that Enerland’s bid was the most advantageous to the Parish financially, however, he needed additional information before making a recommendation to the Council. Thibodaux also stated at that time he did not see grounds for disqualification of Enerland and was not sure whether Enerland’s bid was legally responsive to the specifications.
By deposition and affidavit Ronald Robi-chaux and Curtis Zeringue, officers of En-erland, stated that they were told by various sources that certain councilmen had ulterior motives in voting to reject the bids; and that sufficient funds really were available to fund the project.
Enerland bid on a five year contract. It chose not to bid on shorter term proposals. The specifications for the second bid were different from the original bid specifications and the contract awarded to SWDI as a result of the rebid was significantly lower in cost than Enerland’s original bid. We conclude that there is no genuine issue of material fact that reasonable minds could conclude that anticipated lack of sufficient revenues to dispose of solid waste and attempting to find cheaper alternative means of disposal were cause for rejection of the bids. Thus, the bids were rejected for just cause. La.R.S. 38:2214.
Under the facts and circumstances of the case before us all bids were rejected for just cause. No contract was awarded in the original invitation for bids. There was no successful bidder, thus Enerland’s action against defendants, SWDI, T. Baker Smith & Son, Inc. and Thibodaux must fail. They are entitled to judgment as a matter *135 of law. Having decided that summary judgment was correctly granted on the grounds that the bids were rejected for just cause, we need not address the trial court’s determination that Enerland’s bid was not responsive.
Accordingly, we affirm the judgment of the trial court. Costs are assessed against appellant.
AFFIRMED.

. SWDI never performed. The project was rebid a third time and the contract was awarded to American Waste.

. T. Baker Smith & Son, Inc. and Thibodaux had previously urged this exception.

. La.C.C. art. 2324(A) and (B) provides:
Art. 2324. liability as solidary or joint and divisible obligation
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages causes by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed. Under the provisions of this Article, all parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint *134 tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.

. La.R.S. 38:2214(B) as amended by La.Acts 1991, No. 1043, Sec. 1, effective July 26, 1991, provides an illustrative list of just cause for the rejection of any and all bids:
B. The public entity may reject any and all bids for just cause. Just cause for the purpose of the construction of public works is defined, but is not limited to the following circumstances:
(1) The public entity's unavailability of funds sufficient for the construction of the proposed public work.
(2) The failure of any bidder to submit a bid within an established threshold of the preconstruction estimates for that public work, as part of the bid specifications.
(3) A substantial change by the public entity prior to the award in the scope or design of the proposed public work.
(4) A determination by the public entity not to build the proposed public work within twelve months of the date for the public opening and reading of bids.
(5) The disqualification by the public entity of all bidders.