Dear Mayor Camardelle:
The Board of Aldermen and Mayor of the Town of Grand Isle have requested the opinion of this office on the following issue:
 Must the Town of Grand Isle re-advertise for construction of a waterline to exclude a requirement that bidders have a minimum of five years experience?
Your opinion request indicates that the Town of Grand Isle published the advertisement for bids for construction of a waterline which contained a requirement that all bidders have "a minimum of five (5) years experience in a successful completion of projects of similar nature and scope." When the advertisement came to the attention of the Division of Administration which was charged with overseeing compliance with state requirements for funding, you were advised that the pre-qualification requirement was prohibited. At this point, all bidders who had picked up plans for the job were advised by addendum to the specifications that the pre-qualification requirement had been removed, but not the requirement for five (5) years experience. This addendum was not effective in removing the pre-qualification requirement, since the addendum was only provided to those potential bidders who saw pre-qualification as no obstacle and attended a mandatory pre-bid conference. Potential bidders who saw the pre-qualification as a barrier to participation in the solicitation had no way of knowing that the requirement had been removed.
The bids for the project were subsequently opened on October 27, 1998 but no contract has been awarded pending resolution of issues raised by the Division of Administration which must grant approval before state funding can proceed.
The original advertisement for the project contained the following statement:
 All Bidders must be pre-approved with qualifications submitted for review no later than ten (10) days prior to Bid opening. Approved bidders will be notified in writing seven (7) days prior to Bid opening. Bids submitted by non pre-approved Bidders will be returned unopened. Bidders shall have a minimum of five (5) years of experience in successful completion of projects of similar nature and scope. Bidders are required to submit a list of similar projects successfully completed with names, phone numbers and addresses of the Owners to the office of Professional Engineering and Environmental Consultants, Inc. for their approval. . .
This requirement is in conflict with the Public Bid Law, with prior opinions of this office and with the consistent policy and practice of the Office of Facility Planning and Control of the Division of Administration. Opinion Number 85-360 of this office contains a brief discussion of the pre-qualification issue, which is at the very heart of the "open competition" requirement of the Public Bid Law. To allow pre-qualification of bidders on the basis put forth in the above referenced advertisement opens the door to manipulation of the eligible bidder pool on any number of criteria, the effect of which could be to destroy or severely limit effective competition.
In recognition of the consistent interpretation of the Public Bid Law to preclude pre-qualification of bidders, R.S. 38:2212.4 was enacted in 1991, providing as follows:
 § 2212.4. Prequalified bidders
 Except for construction or repair of roads and bridges and those contractors providing materials and supplies for construction or repair of roads and bridges, the Division of Administration may prequalify bidders for historic restoration projects funded by the state. The Division of Administration shall promulgate rules and regulations setting forth procedures for such prequalification. Historic restoration projects as used herein means repairs, renovations, or reconstruction of state-owned structures which are listed on the National Register of Historic Places or state-owned structures which are eligible for inclusion on the National Register. After the Division of Administration has prequalified such bidders, only prequalified bidders may submit bids on those designated projects and the contracts on those designated projects shall be awarded to the prequalified bidder submitting the lowest responsible bid.
Acts 1991, No. 1040, § 1, eff. July 26, 1991.
The fact that the Legislature found it necessary to amend the Public Bid Law in 1991 to authorize pre-qualification of bidders for historical restoration projects clearly indicates that pre-qualification for other types of public works is not sanctioned by the statute.
In the 1959 decision in Housing Authority v. PittmanConstruction Co., (5th Cir., 1959) 264 F.2d 695, the federal court found a fundamental requirement for fairness and due process in determining the responsibility of bidders. The court held: "In the light of what fair-minded, reasonable laymen would do, we think that before a Board disqualifies the lowest bidder as not responsible, the lowest bidder has the right to be heard and the Board has the duty to listen on the subject of responsibility." This case stands for the requirement of fairness and due process in dealing with bidders.
Although not enacted at the time of the Housing Authority
decision, the Public Bid Law now includes a method for a public entity such as Grand Isle to pass judgment upon the "responsibility" of a bidder who is licensed by the Contractor's Licensing Board to do the kind of work which is to be done. R.S.38:2212A(1)(a)(i) requires that public works be "let by contract to the lowest responsible bidder". Determination of responsibility is to be made after the bids are received, opened, reviewed and after the public entity has provided any challenged bidder with the opportunity for a due process hearing. R.S.38:2212J. This requirement was added to the Public Bid Law by Act 795 of 1979 and also included in the Louisiana Procurement Code as a result of a seminal procurement law decision from the Louisiana Supreme Court in Haughton Elevator v. Division ofAdministration, (1979) 367 So.2d 1161. From Haughton:
 Nevertheless an awarding body's administrative discretion must be exercised in a fair and legal manner and not arbitrarily. Consequently, the disqualification of the lowest bidder, without giving the low bidder a fair chance to disprove charges of irresponsibility, offends principles of fair play and is an arbitrary abuse of discretion inconsistent with the letter and the spirit of the Louisiana public contract law. . . . When protected interests are implicated, the right to some kind of prior hearing is paramount.
In Pittman Construction v. Parish of East Baton Rouge, (La.App. 1st Cir., 1986) 493 So.2d 178, the court held:
 The Council does not have the right to select to which bidder to whom it will award public works contracts. The Council, as the awarding authority for the City-Parish, is obliged to determine, in good faith, which of the bidders is the lowest responsible bidder. A bid may be rejected only if it deviates from the contract, plans and specifications as advertised in a matter of substance sufficient to constitute "just cause". In default of the existence of just cause, the rejection of the low bid is reprobated by law.
In Triad Resources v. Parish of Lafourche, (La.App. 1st Cir., 1990)577 So.2d 86, the court held:
 Under the Public Bid Law the contract must be awarded to the "lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised.". . . the lowest responsive bidder may be disqualified when the public entity awarding the contract has just cause to determine the bidder is not responsible. . . . Under such circumstances the lowest responsive bidder has a protected interest that of receiving the advertised contract, which cannot be deprived without procedural due process.
Each of these cases makes the point that disqualifying a bidder from competing for a public contract is a grave matter which must be dealt with in a hearing in which procedural due process is provided. While the focus of the cases discussed is on bidders whose bids were opened and improperly dealt with, it is unlikely that a potential bidder who was precluded from even having a bid opened, would be entitled to any less consideration.
In the situation at hand, potential bidders were not given the opportunity to bid if the project engineer — not the public entity — made an administrative judgment without any opportunity for hearing that the bidder did not meet certain prerequisites. The vagueness and uncertainty of the pre-qualification requirement in the Town of Grand Isle's advertisement provides a good example of why such a hearing might be sought by a bidder. The advertisement requires that, "Bidders shall have a minimum of five (5) years of experience in successful completion of projects of similar nature and scope." What would be the fate of a bidder corporation which is newly formed, but whose founder and principal has 30 years of experience as a project manager for a now defunct corporation which specialized in such water line installation projects? The "bidder" is the new corporation which does not have the requisite five years experience, but the bidder with that required experience may have lost all of its experienced personnel and be incapable of competently staffing such a project at this time. Such issues can be fairly addressed in the hearing called for in R.S. 38:2212J and heard by the public body, but are unlikely to be adequately addressed in ad hoc decisions delegated to a consulting engineer, especially when the advertisement for bids makes no effort to allow for such significant variations on "bidder experience".
Counsel for the Town of Grand Isle has suggested that the decision in the case of Systems Plus, Inc. v. East JeffersonGeneral Hospital, (La.App. 4th Cir. 1994) 638 So.2d 404, supports the exclusion of bidders based on a requirement of prior experience. It is important to note that in that case the contract in question was for the supply of rubber gloves, a commodity, rather than a contract for public works. It is significant that Louisiana does not license medical supply dealers in the manner that it licenses contractors for construction, providing an elaborate scheme of classifications and subclassifications of contractors who are qualified by the Licensing Board to do only certain types of construction. Also, in the Systems case, the bidder was disqualifiedafter having been allowed to bid and after
being given the opportunity for the due process hearing required by the Public Bid Law. Since the Systems decision does not address the issues of pre-qualification or due process on responsibility issues as are raised in the Grand Isle water line matter we must respectfully disagree with the Town's counsel.
Uniform practice by the Division of Administration and the prior opinion of this office hold that such a prerequisite is not allowable under the Public Bid Law since the statute calls for the bid to be awarded to the "lowest responsible bidder". The only way a bidder can be found not to be responsible is by means of the hearing required by R.S. 38:2212J. The Louisiana Contractor's Licensing Law establishes which contractors are eligible to do various types of public (and private) work. The design professional preparing the specifications then designates which license is required of the contractors who are to bid the job and, pursuant to the provisions of the Licensing Law at R.S.37:2159, "After classification, the licensee shall not be permitted to bid or perform any type or types of work not included in the classification under which his license was issued." This is the protection for the public body seeking bidders for public work: the Contractor's Licensing Law determines which types of work the bidder is qualified to do and such determination shall not be upset without a finding by the public body after a due process hearing that the bidder is "not responsible".
One of the classifications for contractors provided by R.S.37:2156.1 is "municipal and public works construction". R.S.37:2156.2 provides for various "subclassifications" of each of the contractor classifications. Among the subclassifications of "municipal and public works construction" is "5. Pipe work (waterlines)". The engineer for this project could, but chose not to, require that bidders hold this subclassification of license in order to be able to bid, but may go no further in excluding bidders without receiving the bid and then providing a due process hearing to declare a bidder "not responsible".
Therefore, it is our opinion that the original bid solicitation advertisement by the Town of Grand Isle was in conflict with the Public Bid Law and that the subsequent "addendum" did not cure that defect. As a consequence, the original solicitation should be cancelled and a new solicitation undertaken in compliance with the requirements of the statute and the procedures mandated by Facility Planning and Control of the Division of Administration.
I trust that this answers your inquiry. Please let me know if we may be of any further assistance in this matter.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ GLENN R. DUCOTE Assistant Attorney General
RPI:GRD:jv
DATE RECEIVED: DECEMBER 14, 1998
DATE RELEASED:
GLENN R. DUCOTE, ASSISTANT ATTORNEY GENERAL