J^FOIL, J.
This appeal challenges the trial judge’s refusal to require a public entity to award a contract to plaintiff, Cord Development Company, Inc., to renovate a high school gymnasium. The record reflects that the East Feliciana Parish School Board solicited bids for the gymnasium renovation project in May of 1997. Earlier that year, the Board allocated $120,000.00 to a special fund to cover the cost of the renovation. In June of 1997, the Board initially voted to accept the $120,613.00 bid of the lowest bidder, but later determined that the bid was nonresponsive and rejected it. The Board also decided to reject all remaining bids, which substantially exceeded the Board’s estimated cost of the project.
Cord, the second lowest bidder with a bid of $174,000.00, filed this mandamus action seeking to compel the award of the contract to it. Cord contended that the Board had other money available to it, budgeted elsewhere, to fund the cost of the project and it was legally required to award the contract to Cord.
The trial judge rejected this argument. The judge acknowledged that the Board did have money at its disposal to cover the cost of the Cord bid and increased architectural fees, however, these funds were held in an account titled the Debt Service Fund. The judge observed the law establishes that insufficient budgetary allocations can constitute “just cause” for rejection of all bids by the public entity, despite the availability of funds from other sources. See La. R.S. 38:2214. He ultimately concluded that the Board had discretion to determine whether it should *50 transfer funds budgeted elsewhere and spend approximately $44,000.00 over what it anticipated the project to cost, and found the Board’s decision that it lacked sufficient funds to pay for the project constituted “just cause” for rejecting the remaining bids.
In this appeal, Cord argues first that because the Board “accepted” the lowest bid, it waived its right to reject the other remaining bids. We find no merit to this assertion. It is clear that the Board never awarded the contract to 13the lowest bidder, but ultimately rejected that bid as nonresponsive prior to rejecting all bids for insufficient funding.
Cord’s next argument is based on its claim that the Board had sufficient funds in the Debt Service Fund to pay for the additional costs accepting its bid would require, and therefore, the Board was obligated to award the contract to it. We disagree. After reviewing the record, we conclude that the facts found by the trial court on this issue are abundantly supported therein, and the court’s application of the law to those facts is correct. Accordingly, we affirm the judgment of the trial court and in so doing, we adopt the trial court’s reasons as our own, attaching a copy to this opinion. All costs of this appeal are assessed to appellant, Cord Development Company, Inc.
AFFIRMED.
ATTACHMENT
| ¿East Feliciana Parish School Board, et al
20th Judicial District Court
Parish Of East Feliciana
State of Louisiana
Cord Development Company, Inc.
Versus
Number 30,278 Div. B

OPINION

This matter came before the Court on October 28, 1997, for a hearing on a Writ of Mandamus seeking to direct the East Feliciana Parish School Board to award a construction contract to the Petitioners. The Petitioners correctly assert that the awarding of a contract by a public body after the required notice and submission of bids, has been jurisprudentially held to be a ministerial duty enforceable by a Mandamus. Further, the Petitioners argue they are entitled to the contract because, pursuant to the Public Contract Law. La.R.S. 38:2212, et seq, they are the lowest responsible bidder.
The facts, briefly, are as follows. On May 30, 1997 the bids, for the work advertised as required by law during the month of May, were opened and Gains Construction Co. was the low bidder as reflected on the Bid Tabulation sheet. On June 3, 1997, at a regular meeting of the School Board, the low bidder, Gains Construction, was accepted. On June 16, 1997, at a special meeting of the School Board, the previously made acceptance of the low bid by Gains was withdrawn for bid irregularities and non-compliance with bid regulations. In addition, at this same meeting, all other bids were rejected on the grounds that there was insufficient monies to fund the renovations to the Gymnasium at the Clinton High School. Among those rejected bids was the Petitioner, Cord Development Company.
There was testimony and evidence introduced at the hearing that the original estimated cost for this project had been $103,-000.00. Later a letter was sent by the architect to inform the School Board that the cost, with a different project strategy than the architect had originally anticipated. could increase the costs by 25% or more, which would put the estimated cost of renovations near $130,000.00. Only $120,000.00 had originally been allocated for this project and there is evidence from the minute entries of the School Board meeting that it was hoped to accomplish the project as inexpensively as possible.
*51 The Petitioner’s bid, at § 174,000.00, was approximately $44,000,00 higher than any amount the School Board had previously anticipated or for which funds had been approved. The |fiPetitioner argues that because 1.2 million dollars, not legally reserved for other expenses, was held in the “Debt Service Fund” by the School Board, then clearly the School Board had the money available to fund this project.
The First Circuit, in Daves Insurance Agency, Inc. v. State of Louisiana, Through the Division of Administration, 488 So.2d 705 (La.App. 1st Cir.1986), addressed a similar situation. The petitioner, an insurance agency, appealed the dismissal of their suit against the State, several State officials, and an insurance competitor, regarding the rejection of all bids made for coverage of State automobiles due allegedly to the fact that “all bids exceeded the available funds”. The petitioner claimed that they were the lowest responsive bidder and therefore entitled to the contract.
The First Circuit held that the State was not “clearly erroneous” in rejecting all bids on the determination that they “exceeded [the] amount of funds available for such purpose, though [the] State had access to additional funds which had been allocated for other budgetary purposes.”
The First Circuit has cited Daves with approval in later cases. “This court has previously recognized that insufficient budgetary allocations can result in just cause for rejection of all bids submitted.” Department of Transp. and Development v. Standard Const. Co. of Georgia, 550 So.2d 1327 (La.App. 1 Cir.1989). See also Enerland Recovery Services, Inc. v. Parish of Lafourche, 619 So.2d 129 (La.App. 1 Cir.1993).
This Court feels that although additional money may exist and be at the Board’s disposal, the School Board is clearly in the best position to determine what is the most prudent expenditure of these funds with regards to their entire budgetary needs. That the money exists is not in dispute. Whether the approval of an additional $44,000.00 over what they had anticipated for the renovations is wise and in the tax payers best interest is, in this Courts opinion, clearly within the School Board’s discretion. The Court therefore finds that the determination, that there were insufficient funds to pay for the project, was a “just cause” for rejecting the remaining bids.
For the above reasons, the petition for a Writ of Mandamus is DENIED.