KLINE, J.
 

 |2The matter involves whether damages can be assessed when a bid bond for a public works contract was issued by an unauthorized surety company. The issue on appeal is whether the trial court erred in ruling that the contractor and its surety were not liable for damages when the submitted bid for a Louisiana Public Works Act (LPWA) contract included a bid bond issued by a company not authorized under La. R.S. 38:2219. Here, the trial court granted the exceptions of no cause of action filed by defendants, Infinity Surety Agency, LLC (Infinity) and Benetech, LLC, Benetech, LLC and JRDKS Construction, LLC, a Joint Venture (Joint Venture). Judgment was signed; the State of Louisiana, Division of Administration, Office of Planning and Control (the State), appealed. For the following reasons, we affirm the trial court judgment.
 

 PERTINENT FACTS
 

 On May 29, 2008, the State opened bids for the Bayou Segnette Project (the Project). Bidding on the Project required that any surety retained to secure a bid must be authorized to write bonds in accordance with La. R.S. 38:2219. On July 9, 2008, Joint Venture submitted a bid secured by Infinity; the submitted bid form misrepresented that it met the La. R.S. 38:2219 requirements. The State failed to reject the bid based on the surety’s noncompliance with the statute. The State instead awarded . the contract to Joint Venture, its lowest bidder. Joint Venture and Infinity returned the signed contract, but were unable to provide an acceptable performance bond even though the State gave additional time for them to do so. On November 3, 2008, the State notified Joint Venture and Infinity that it was seeking forfeiture of the bid bond as liquidated damages for the delay and for the additional work caused by their failure to produce an acceptable bond. The additional work included costs to rebid the contract, delay damages for the four ^months delay in starting the work, the difference between Joint Venture’s bid and the bid ultimately accepted for the project, attorney fees, and court costs.
 

 Joint Venture and Infinity both filed exceptions of no cause of action. The matter was heard and the trial court granted both, allowing the State fifteen days to amend; when the State did not amend, the trial court dismissed the suit with prejudice.
 
 [2]
 
 The State appealed, alleging that the trial court erred:' (1) in holding that
 
 *649
 
 the State was not entitled to liquidated damages, (2) in allowing fraudulent documentation to shield them from damages, (3) and by ruling that the petition did not state a cause of action for tort misrepresentation.
 

 DISCUSSION
 

 The State first argues that the failure to execute and deliver a signed contract along with a proper performance and payment bond gives it the right to reject the bid and retain the bid bond as liquidated damages. The State contends that the clear language of the bid form states that after receiving the contract from the State, the winning bidder has ten days to execute and deliver a signed contract along with the required bonds. The State claims that it relied on the documents submitted by Joint Venture and when it could not comply with the terms, the State was entitled to retain the bid bond.
 

 The requirements for bid bonds for public works, however, are provided for under La. R.S. 38:2218 C:
 

 If bid bond is used, it shall be written by a surety or insurance company currently on the U.S. Department of the Treasury Financial Management Service list of approved bonding companies which is published annually in the Federal Register, or by a Louisiana domiciled insurance company with at least an A — rating in the latest printing of the A.M. Best’s Key Rating Guide to write individual bonds up to ten percent of policyholders’ surplus as shown in the A.M. Best’s Key Rating Guide or by an insurance company in good standing licensed to write bid bonds which is either domiciled in Louisiana or owned by Louisiana residents.
 

 14The awarding authority has a duty to carefully consider the •written bid.
 
 [3]
 

 See Triad Resources and Systems Holdings, Inc. v. Parish of Lafourche,
 
 577 So.2d 86, 89 (La.App. 1 Cir.1990). The statutory and bid form requirements, including those included by reference to other documents, must be completely and accurately observed.
 
 Barriere Const. Co., LLC v. Terrebonne Parish Consol, Government,
 
 99-2271, p. 7 (La.App. 1 Cir. 2/18/00), 754 So.2d 1123, 1127. A nonconforming bid must be rejected as non-responsive.
 
 See Broadmoor, LLC v. Ernest N. Mortal New Orleans Exhibition Hall Authority,
 
 04-0211, 04-0212, pp. 19-20 (La.3/18/04), 867 So.2d 651, 663.
 

 In this case, the bid bond was not written by an authorized surety. The bid therefore, did not comply with the statutory requirements and should have been rejected as non-responsive. The State has failed to acknowledge this duty. The nonconforming bid was submitted but, for whatever reason, was not immediately rejected by the State. The State, therefore, seems to be making an argument for exclusion of the duty to determine compliance. But the clear reading of La. R.S. 38:2212 A(l)(b) provides that the provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be waived. Further, any bid not meeting the statutory requirements of the statute is null and void. La. R.S. 38:2220.
 

 As stated in the trial court’s reasons for judgment, if the successful bidder is awarded the contract and fails to execute the contract within the specified time frame, then the State has a right to liqui
 
 *650
 
 dated damages. In this case however, the bid was non-responsive because the bid did not comply with the statute. We agree with the trial court’s rationale. Here, Joint Venture’s bid was non-responsive ^because it did not meet the statutory requirements of the statute, and is therefore, null and void.
 
 See
 
 La. R.S. 38:2220.
 

 Although the State also argues that Joint Venture and Infinity should not be allowed to escape paying the penalty by its alleged fraud, there is no ambiguity in the statute. The bid did not meet the requirements of the statute and is null and void. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. La. C.C. art. 9,
 
 New Orleans Rosenbush Claims Service, Inc. v. The City of New Orleans,
 
 94-2228, p. 11 (La.4/10/95), 653 So.2d 538, 544. Thus, the trial court did not err in dismissing the State’s claims for liquidated damages, because as articulated above,' a non-conforming bid must be rejected as non-responsive. There are contentions of a contract by acceptance of the bid offer, however the bid offer was defective and not susceptible of acceptance. Admittedly, this conclusion seems harsh because in circumstances of this sort, when there are two breaches of statutory responsibility, one breach could be intentional and the other an oversight.
 
 See e.g. Broadmoor,
 
 04-0211, 04-0212 at pp. 19-20, 867 So.2d at 663. Had the State rejected the bid up front, however, there would have been no delay in awarding the contract to the lowest responsible bidder. The first and second assignments of error are without merit.
 

 The State argues in its final assignment of error that the trial court erred in dismissing its suit without addressing the tort actions. The State contends, citing
 
 Airline Const. Co., Inc. v. Ascension Parish School Bd.,
 
 568 So.2d 1029, 1033 (La.1990), that the Louisiana Supreme Court has implied that tort claims can be allowed in limited circumstances. The State argues that the court purposefully declined to rule on that issue, but it should be considered now.
 

 We decline to rule, however, on whether under the facts before us that tort claims are actionable here. The bid should have been rejected by the State without | (¡consideration because it was non-responsive. Thus, the alleged tort claims should never have arisen. The LPWA is
 
 sui gen-eris
 
 and provides the exclusive remedies available to parties in public construction work.
 
 State of Louisiana through the Div. of Admin. v. McInnis Bros. Const.,
 
 97-0742, p. 9 (La.10/21/97), 701 So.2d 937, 944. While circumstances may exist where tort claims might be actionable, under the facts before us, the intentional and negligent misrepresentation claims that the State makes against these defendants are adequately dealt with under the LPWA. This assignment of error is without merit.
 

 DECREE
 

 For the foregoing reasons, we affirm the trial court judgment granting the exceptions of no cause of action filed by Infinity Surety Agency, LLC and Benetech, LLC, Benetech, LLC and JRDKS Construction, LLC, a Joint Venture, and dismissing the claims of the State of Louisiana, Division of Administration, Office of Planning and Control. The costs of this appeal in the amount of $1,545.17 are assessed against the State of Louisiana, Division of Administration, Office of Planning and Control.
 

 AFFIRMED.
 

 KUHN, J., concurs.
 

 PETTIGREW, J., concurs.
 

 [2]
 

 . A second judgment was signed asserting that plaintiff did not amend its petition within the allotted fifteen days and therefore, the matter was dismissed with prejudice. This court allowed the record to be supplemented with the judgment of dismissal.
 

 [3]
 

 . The State argues that it has no means to determine if the surety is written by an authorized company. La. R.S. 38:2218 C. however, mandates the sources to determine whether a surety company is authorized. The State has made no showing that it was unable to check these sources before it awarded the contract.