J^FOGG, J.
This appeal challenges a trial court’s determination that the Louisiana Department of Transportation and Development violated the Public Bid Law in awarding a contract for certain road work. For the following reasons, we reverse.
On August 14, 1996, the Department of Transportation and Development (DOTD) received bids on State Project Number 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 for “Motorist Assistance Patrol, Junction Route LA 415 to Millerville Road, Routes 1-10 and 1-12, West and East Baton Rouge Parishes” (hereinafter referred to as the “Project”). The Notice to Contractors in the bid form required each bidder to furnish a proposal guaranty in an amount not less than $41,250.00.
*41Hebert Brothers Engineers, Inc. and Jack B. Harper Contractor, Inc. submitted construction proposal bids on the Project. Harper submitted the lowest bid at $796,-897.20; Hebert submitted the second lowest bid at $843,588.00. With its proposal on the Project, Harper furnished a proposal guaranty with the amount of $41,250.00 in numerals, but with the incorrect written amount of “forty[-]one thousand two hundred and no/100.” Initially, DOTD determined that Harper’s bid was irregular due to the fact that the amount of the bid bond as expressed in words was different from the amount expressed in numerals. However, subsequently, DOTD reversed its decision and issued a notice of its intent to award the bid to Harper.
Hebert protested the proposed award of the contract on the Project to Harper. DOTD denied Hebert’s protest. Hebert filed the instant suit against DOTD in the Nineteenth Judicial District Court, asking the court to find it to be the lowest responsible bidder and award the contract to it. The trial court rendered judgment in favor of Hebert and against DOTD, | ¡¡awarding damages to Hebert as follows:
Lost profit $126,535.60
Bid preparation cost 4,500.00
Attorney’s fees 10,225.19
TOTAL $141,260.79
DOTD and Hebert appeal that judgment.1 Initially, on appeal DOTD contends the trial court erred in holding that, pursuant to LSA-R.S. 38:2212 A(l)(b), it improperly awarded the contract to Harper. Hebert argues that this statutory language requires a public entity to reject any bid that deviates in any way from the requirements section of the advertisement for bids. LSA-R.S. 38:2212 A(l)(b) provides:
The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity.
The case of Boh Bros. Const. Co., L.L.C. v. Department of Transp. and Development, 97-0168 (La.App. 1 Cir. 7/14/97); 698 So.2d 675, writ denied, 97-2113 (La.11/21/97); 703 So.2d 1309, which is this court’s most recent interpretation of LSA-R.S. 38:2212 A(l)(b), is dispositive of this issue. In that case, the prevailing company’s bid contained a proposal guaranty of $107,000.00, whereas the advertisement called for a $108,000.00 bid bond. The aggrieved bidder asserted that the $1,000.00 discrepancy mandated rejection of the lowest bid. We rejected that argument finding that the discrepancy was a minor one that had no bearing on the substance of the bid and, therefore, the deviation could legally be waived by DOTD. Therein, we stated:
[W]e construe La.R.S. 38:2212A(l)(b) to preclude a public entity from waiving substantive provisions and requirements of the Public Bid Law, the advertisement for bids and the bid forms. The public entity may waive deviations that are not substantive in nature. However, it may not treat substantive requirements of the Bid Law, the advertisement for bids and the bid | ¿forms as mere informalities in order to justify its decision to waive a deviation in a bid. Whether a public entity permissibly waived a bid requirement is reviewable by the courts, and the issue should be determined by using the substance/form analysis.
Boh Bros. Const. Co., L.L.C. v. Department of Transp. and Development, 698 So.2d at 678. Clearly, the discrepancy herein is also a deviation that has no bearing on the substance of the bid and is waivable by DOTD.
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of DOTD, dismissing *42plaintiffs suit. Costs are assessed against Hebert Brothers Engineers, Inc.
REVERSED AND RENDERED.

. The following discussion renders the additional issues raised on appeal by DOTD and Hebert moot.