754 So.2d 1123 (2000)
BARRIERE CONSTRUCTION CO., LLC
v.
TERREBONNE PARISH CONSOLIDATED GOVERNMENT and Terrebonne Parish Council.
No. 99 CA 2271.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
H. Bruce Shreves, Denise C. Puente, Simon, Peragine, Smith & Redfearn, *1124 L.L.P., New Orleans, for Plaintiff-Appellant Barriere Construction Co., LLC.
David J. Norman, III, Allen & Norman, LLC, Houma, for Defendant-Appellee Terrebonne Parish Consolidated Government.
Paul J. McMahon, III, Lafayette, for Intervenor-Appellee Huey Stockstill, Inc.
Before: SHORTESS, C.J., PARRO, and KUHN, JJ.
PARRO, J.
Barriere Construction Co., LLC (Barriere) appeals the trial court's judgment denying it injunctive relief in its suit involving a public bid dispute arising out of a public works construction project for the Terrebonne Parish Consolidated Government (TPCG). We amend and affirm as amended.

FACTUAL AND PROCEDURAL HISTORY
Most of the facts in this matter were stipulated by the parties. TPCG and the Louisiana Department of Transportation and Development (DOTD) were involved in a joint project to improve drainage in the Gibson/Bayou Black area. TPCG advertised for bids in connection with this construction project (the Bayou Black project). The bid opening was scheduled for March 25, 1999, at 2:00 p.m. Two other unrelated bid openings were scheduled for this same date and time. Barriere submitted a timely bid in conformance with all requirements except that the project name and number were not included on the outside of the bid envelope. Because of this irregularity, TPCG did not open the bid. Eventually, the Terrebonne Parish Council (the council) decided to award the contract for the Bayou Black project to Huey Stockstill, Inc. (Stockstill), whose bid in the amount of $1,125,425 was the lower of the two that were opened. This decision was subject to the concurrence of DOTD.
Before DOTD made its decision concerning the contract, Barriere filed this lawsuit against TPCG and the council. Barriere alleged that its bid, still sealed, was in the amount of $1,075,560, making it the low bidder and entitling it to be awarded the contract. Barriere claimed the actions of TPCG in failing to open the bid envelope, returning the envelope to Barriere unopened, rejecting the low bid without "just cause," and failing to award the contract to Barriere, were violations of the Public Bid Law. Barriere sought injunctive relief to maintain the status quo and prevent the award of a contract until its claims could be adjudicated. Barriere also requested a declaratory judgment that it was the lowest responsible bidder and, as such, was entitled to be awarded the contract. Additionally, Barriere asked for an order of mandamus directing TPCG, the council, or any other appropriate entity to open the bid and award the contract to Barriere. In the alternative, should the contract not be awarded to it, Barriere sought damages for its lost profits under the contract. The still-unopened bid envelope was submitted to the court under seal.
The court issued a temporary restraining order and scheduled a hearing on Barriere's request for injunctive relief. Stockstill intervened as a party defendant, alleging it had a property interest in the award of the contract. TPCG filed an answer to Barriere's petition, alleging the council was its legislative branch and not a separate political subdivision, admitting many of the factual allegations concerning the bidding process, but denying that its actions were contrary to law. TPCG sought a dissolution of the temporary restraining order, denial of injunctive relief, and dismissal of Barriere's petition.
During a hearing on April 28, 1999, on the requests for preliminary and permanent injunctions,[1] the court opened the *1125 Barriere bid and, with the agreement of all parties, gave the bid to the project engineer to determine whether it conformed to the bid specifications. The engineer eventually advised the court through counsel that, aside from the omission of the project name and number on the bid envelope, the Barriere bid met all requirements. The complete Barriere bid then became part of the trial court record, along with a joint stipulation of facts, copies of the bid specifications, the Stockstill bid, the bid envelopes from all three bidders on the Bayou Black project, a copy of the standard DOTD bid envelope, several depositions, correspondence between attorneys for the parties, and other documents. After hearing arguments, reviewing the evidence, and considering the statutes and jurisprudence, the court entered judgment in favor of TPCG and against Barriere. In written reasons, the court explained:
The Court ... finds that the Legislature and the jurisprudence has been shifting towards eliminating a public entity's discretion to waive errors of form. The Legislature, in 1987, amended La. R.S. 38:2212(A)(1)(b) to require that the provisions and requirements required on the bid form not be considered as informalities and shall not be waived. The "General Bidding Requirements" on this joint state/parish project stated that "Bids must be prepared and submitted in accordance with Section 102 of the Standard Specifications". Section 102 requires that all the information on the DOTD envelope be filled in to indicate its content. The information includes the contractor's name, licence (sic) number and the name and number of the project addressed. If an envelope other than the one supplied by DOTD is used, it must be similarly marked to indicate its content. Barriere's bid did not meet the requirements because it did not include the name and number of the project on the envelope.
In researching the history of the Public Bid Law, it is clear that the legislature intended to change the discretion previously given to public entitles which allow them to waive irregularities as to form. Therefore, this Court will deny the motion for a preliminary injunction enjoining the award of the public construction contract by TPCG to Stockstill. This judgment is binding upon any request for a permanent injunction.
A judgment in favor of TPCG was rendered and signed May 4, 1999. This appeal followed.

APPLICABLE LAW
This case is governed by the provisions of the Louisiana Public Bid Law, Louisiana Revised Statutes 38:2211 through 38:2226. Under its provisions, all public work projects over $100,000 to be done by a public entity must be advertised and awarded by contract to the lowest responsible bidder who bid according to the contract, plans, and specifications as advertised. LSA-R.S. 38:2212 A(1)(a) and A(1)(d). The provisions and requirements of the Public Bid Law, as well as those stated in the advertisement for bids and those required on the bid form, shall not be considered as informalities and shall not be waived by any public entity. LSA-R.S. 38:2212 A(1)(b). No public work may be done except as provided in the Public Bid Law; any contravention of its provisions renders the resulting contract null, void, and of no legal consequence. LSA-R.S. 38:2220; Louisiana Associated General Contractors v. Calcasieu, 586 So.2d 1354, 1362 n. 14 (La.1991); Percy J. Matherne Contractor, Inc. v. Grinnell Fire Protection Systems Co., 915 F.Supp. 818, 821 (M.D.La.1995), affirmed, 102 F.3d 550 (5th Cir.1996).

ANALYSIS
The thrust of Barriere's first two assignments of error is that the trial court erred in allowing TPCG to reject its bid without "just cause," because the error was merely one of form. Barriere argues that when the only discrepancy in its bid was the omission of the project name and number on the bid envelope, this failure *1126 did not constitute "just cause" for rejection of its otherwise responsive low bid and the irregularity should have been waived by TPCG.
A public entity may reject any and all bids for just cause. LSA-R.S. 38:2214 B. The statute defines certain situations that constitute "just cause," but states the definition is not limited to those circumstances. LSA-R.S. 38:2214 B. The "just cause" provision must be read in pari materia with the provision stating that the Public Bid Law's requirements, along with those required by the advertisement for bids and the bid form, cannot be considered as informalities and cannot be waived. LSA-R.S. 38:2212 A(1)(b). Barriere argues that because the irregularity in its bid was on the envelope, and not on the bid form, and because it did not violate any direct requirement of the statute or advertisement, it should have been considered a mere informality and should have been waived. This argument is very persuasive. Barriere cites two recent cases from this court in which the public entity decided to waive minor discrepancies of form in bids and this court upheld those decisions. See Boh Bros. Constr. Co., L.L.C. v. Dep't of Transp. and Dev., 97-0168 (La.App. 1st Cir.7/14/97), 698 So.2d 675, writ denied, 97-2113 (La.11/21/97), 703 So.2d 1309; Hebert Bros. Engineers, Inc. v. Dep't of Transp, and Dev., 98-1208 (La.App. 1st Cir.12/25/98), 744 So.2d 40, writ denied, 99-0681 (La.4/23/99), 742 So.2d 893. To be consistent with those cases, if TPCG had decided to waive the irregularity and open Barriere's bid, this court would probably have allowed that decision to stand.
However, that is not the situation before us. Like the trial court, we are presented with the converse situation; the public entity here decided NOT to waive the irregularity.[2] We must decide whether the trial court was legally correct in allowing that decision to stand, or whether we will mandate a waiver when the error is merely one of form.
Barriere argues that this court's decision in Pittman Constr. Co., Inc. v. East Baton Rouge Parish, 493 So.2d 178 (La. App. 1st Cir.1986), writ denied, 493 So.2d 1206 (La.1986) requires such a result. In that case, this court adopted the trial court's written reasons for judgment in affirming the trial court's decision to overturn the rejection of Pittman's low bid due to defects of form. Those reasons stated that a bid may be rejected only if it deviates from the contract, plans, and specifications as advertised in a matter of substance sufficient to constitute just cause, that minor deviations of form did not constitute just cause, and that in default of the existence of just cause, the rejection of the low bid is reprobated by law.
Despite this strong language, we do not find the Pittman case to be controlling, for several reasons. First, the facts of the Pittman case are very different from the situation facing this court. In Pittman, the trial court found that all of the bidders had submitted bids with irregularities, including the bidder to whom the public entity awarded the contract. The trial court also found that the variances in the winning bid were greater in number than the variances in Pittman's lower bid; nevertheless, the public entity did not treat the two bids uniformly. The trial court stated that if the variances in the winning bid were entitled to be "waived, overlooked, neglected or forgivenintentionally, or in ignorance, then Pittman was entitled to the same treatment." Pittman, 493 So.2d at 190. Because the public entity had not been evenhanded, its action was *1127 "the essence of arbitrary, capricious and unfair conduct." Id. The trial court mandated the award of the contract to Pittman, the low bidder, in spite of the irregularities of form in its bid, and this court upheld that decision.
Unlike the Pittman situation, there is no suggestion in the case we are reviewing that TPCG was arbitrary or selective in deciding not to open the Barriere bid envelope. Genece Baker, the TPCG employee who compiled and opened the bids, testified she was unsure which project of the three being bid was intended, because the name and number were not on Barriere's bid envelope. Before the bid opening time, Ms. Baker asked whether anyone from Barriere was present. She said her intention was to allow a Barriere representative to come forward, identify the project for which the bid was submitted, and make the appropriate notation on the envelope. When no one replied, she conferred with Emery Chauvin, the Bayou Black project engineer; he agreed the Barriere bid envelope should be put aside and not opened, because it did not comply with the requirements. There was no suggestion of favoritism or arbitrariness in this action.
Second, two amendments to the Public Bid Law have taken effect since the Pittman case was decided. As noted by the trial court, with each successive amendment, the language prohibiting waivers has been strengthened. When Pittman was decided, Louisiana Revised Statute 38:2212 A(1)(b) provided that "[t]he provisions and requirements of this Section shall not be waived by any public entity." Two months after Pittman was decided, a previously passed amendment became effective and added the following italicized language, such that the statute then read, "[t]he provisions of this section and those stated in the advertisement for bids shall not be considered as informalities and shall not be waived by any public entity." See 1986 La. Acts, No. 195. In an obvious attempt to further restrict these waivers after the Pittman decision was rendered, the legislature again amended the statute to add that provisions and requirements on the bid form should not be waived. See 1987 La. Acts, No. 398; see also Boh Bros., 698 So.2d at 680-81 (Lottinger, J., dissenting). Given this legislative history, although the principles in the Pittman case may provide some guidance to this court in evaluating situations where a minor deviation of form has been waived by the public entity, as in the Boh and Hebert cases, that language can no longer be interpreted to require a waiver when such a deficiency exists.
Barriere also contends it is entitled to be awarded the contract because the irregularity on its bid envelope did not violate any of the stated requirements in the statute, the advertisement, or the bid form. This contention was also addressed and rejected by the trial court, as follows:
The "General Bidding Requirements" on this joint state/parish project stated that "Bids must be prepared and submitted in accordance with Section 102 of the Standard Specifications". Section 102 requires that all the information on the DOTD envelope be filled in to indicate its content. The information includes the contractor's name, licence (sic) number and the name and number of the project addressed. If an envelope other than the one supplied by DOTD is used, it must be similarly marked to indicate its content. Barriere's bid did not meet the requirements because it did not include the name and number of the project on the envelope.
The statutory requirements, advertisement requirements, and bid form requirements, including those included by reference to other documents, must be completely and accurately observed. The Public Bid Law could not be more clear in stating that a bidder's failure to comply with every detail can invalidate the bid. The consequences of such defects should be on the bidder who prepares the bid. It would put public entities in a totally untenable situation if this court were to require the waiver of certain irregularities in the face of the *1128 statutory prohibition. There could never be any certainty for the public entity during the bid opening procedure if a court could simply second-guess the process and state that a particular kind of defect should have been waived.
We are aware that under the circumstances of this case, it is likely that the confusion created by the omission of the project identification information from the Barriere bid envelope could have been resolved fairly easily by referring to the bid lists for the three projects. Or the bid could simply have been opened, and then assigned to the correct project for comparison of the bids. However, not every bidding situation will involve only three projects scheduled for the same date and time; there may be multiple projects with many bidders for each project. If several of those bidders were to fail to identify the project for which the bid is submitted, the entire process would be subverted. We are unwilling to mandate a result in this case, under these circumstances, when such a decision would have negative repercussions for other, more complex bidding situations. We conclude the trial court did not err in denying the injunctive relief requested by Barriere.
However, the judgment stated only that the preliminary injunction was denied and did not address any of Barriere's other claims in the litigation, including the request for declaratory judgment, mandamus, and in the alternative, damages. These were implicitly denied by the trial court's action in denying injunctive relief. Therefore, we will amend the judgment to dismiss the remaining claims, and otherwise affirm the judgment.

CONCLUSION
The judgment of the trial court denying the preliminary injunction is affirmed and the plaintiff's remaining claims are dismissed. All costs of this appeal are to be paid by Barriere.
AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] The parties agreed that the requests for preliminary and permanent injunctive relief could be decided in a single hearing.
[2] In one of its assignments of error, Barriere states that the trial court erred in ruling that a public body no longer has discretion to waive errors of form. This misstates the trial court's ruling; the trial court did not rule that a public body no longer has discretion to waive errors of form under any circumstances. The court simply stated that there has been a shift in this direction in the legislation and jurisprudence in this area of the law, and that under the facts of this case, the court would not require such a waiver.