LGUIDRY, J.
The State of Louisiana, through the Department of Transportation and Development (DOTD), appeals a partial summary judgment, granted in favor of an unsuccessful bidder on a public works bid. Considering the facts and evidence presented, we reverse.
FACTS AND PROCEDURAL HISTORY
In the Spring of 2000, DOTD advertised for bid a primarily federally-funded construction project on Interstate 12 between Livingston and Tangipahoa parishes. The original date slated for opening of bids was May 31, 2000; however, because several addenda were added to the plans and specifications for the project, the original opening date was extended to June 7, 2000.
Five contractors submitted bids on the project, including the appellee, Angelo Iaf-rate Construction, L.L.C. (Iafrate), a Florida company authorized and doing business in the state. Tabulation of all the bids revealed that, numerically, Iafrate submitted the lowest responsive bid at $18,903,541.85. The second lowest bid was *975 submitted by Barriere Construction Company, L.L.C. (Barriere) at $20,755,033.24. On further inspection of the bids, however, it was determined that Iafrate’s bid was “irregular” because of its failure to replace certain forms in its bid proposal with new forms provided to the bidding contractors in addendum number four. Iafrate, while acknowledging its failure to substitute the new bid forms provided by DOTD in addendum number four, nevertheless protested the determination that its bid was irregular. Following further evaluation of the responsiveness of Iafrate’s bid by an internal Bid Review Committee, the secretary of DOTD later concurred in the finding that the bid was irregular, resulting in the rejection of Iafrate’s bid.
Prior to the award of the contract for the project to Barriere, Iafrate filed a combined action with the Nineteenth Judicial District Court seeking a writ of Umandamus, injunctive relief and a judgment declaring that its bid was responsive and, as the lowest bidder, that it should be awarded the contract. Named as defendants in the action were DOTD and Barri-ere. In response, Barriere filed a dilatory exception objecting to Iafrate’s allegedly improper use of summary proceedings. DOTD filed an answer generally denying the allegations of Iafrate’s pleading and further seeking relief in reconvention in the event the injunctive relief requested by Iafrate was granted. DOTD also filed a separate pleading asserting the exception objecting to improper use of summary proceedings. The exceptions were sustained by the trial court in a judgment signed August 29, 2000.
Meanwhile, DOTD awarded the contract for the aforementioned project to Barriere on June 29, 2000. Thereafter, Iafrate amended its initial pleading to seek damages for DOTD’s failure to award the contract to it as the allegedly lowest responsive bidder. DOTD again answered Iafrate’s pleading denying liability. Iafrate, after noting its failure to name Barriere as a defendant in its amended pleading, then moved to have the claims against Barriere dismissed without prejudice. A judgment to this effect was signed by the trial court on January 29, 2001.
On July 9, 2001, Iafrate filed a motion for partial summary judgment on the issue of liability only. In its memorandum in support of its motion, Iafrate alleged that its error in failing to submit the bid forms required by addendum number four was not substantive, and therefore, DOTD lacked just cause for rejecting its bid. A month later, DOTD filed a cross motion for summary judgment asserting that just cause existed for rejecting the bid. Arguments on the motions were heard together, and by a judgment signed October 19, 2001, the trial court granted Iafrate’s motion and denied the motion filed by DOTD. It is from this judgment that DOTD now appeals.
I «ASSIGNMENTS OF ERROR
DOTD contends that the following errors resulted in the trial court improperly granting summary judgment in favor of Iafrate:
1.
In finding that under La. R.S. 48:255[ (B) ] the failure to substitute Addendum Number 4 for certain pages of the bid form was not an error or defect in the bidding documents which affected the integrity of the bidding process or gave an advantage to any of the parties placing the bids.
2.
In finding that DOTD was aware that the actual bid submitted by Iafrate was *976 calculated using the quantities provided by Addendum Number 4.
3.
In finding that there was no just cause on which the DOTD based its rejection of Iafrate’s bid.
DISCUSSION
DOTD’s first and third assignments of error basically address the same issue, namely, whether DOTD properly rejected Iafrate’s bid.
Louisiana Revised Statute 48:250 states “[t]his Part shall exclusively govern the contracts of the Department of Transportation and Development .. .in addition to the laws of the state relating generally to obligations and the department not in conflict with this Part.” La. R.S. 48:255(A) and (B), provide with respect to rejection of bids:
A. The department shall establish specific bidding requirements, in accordance with the provisions of this Part, provisions of the Federal Highway Administration, if applicable, and other provisions as necessary and will include these requirements in the project specifications and bid package issued to prospective bidders. Bids of prospective bidders shall conform to these requirements. Bids not submitted in accordance with this Subpart or such other specified requirements are irregular and must be rejected by the department.
B. (1) For all construction, maintenance, or improvement projects for department facilities or other public facility projects, advertised and let by the department, the department or the contracting agency may reject any and all bids for just cause.... (Emphasis added.)
|sLa. R.S. 48:255(B)(5) goes on to define “just cause” as follows:
For the purposes of this Section “just cause” means but is not limited to the following circumstances:
(a) The department’s unavailability of funds sufficient for the construction of the proposed public work or the unavailability of funding participation in the project by anticipated funding sources.
(b) The failure of any bidder to submit a bid within an established threshold of the advertised preconstruction estimate for the project by the department’s engineers.
(c) A substantial change by the department prior to the award in the scope or design of the proposed public work.
(d) A determination by the department not to build the proposed public work within twelve months of the date for the public opening and presentation of bids.
(e) The disqualification or rejection by the department of all bidders.
(f) The discovery by the department prior to the award of the project of an error, defect, or ambiguity in the bidding documents that may have affected the integrity of the competitive bidding process or may lead to a potential advantage or disadvantage to one or more of the bidders. (Emphasis added).
We also note the following directives in the bid proposal and addendum number four issued to potential bidders:
• Page C — 1 of the bid proposal package, entitled “Notice to Contractors,” states “[b]ids must be submitted on the proposal forms provided by the Department, must be prepared in accordance with Section 102 of the 1992 Louisiana Standard Specifications for Roads and Bridges and must include all information required by the proposal.”
*977 • Page E-3 of the bid proposal package states the following amendment to Section 102.08 of the 1992 Standard Specifications:
102.08 IRREGULAR PROPOSALS.
This subsection is amended as follows.
Heading (1) is deleted and the following is substituted.
(1) If the proposal is on a form other than that furnished by the Department or if the form is altered.
Heading (10) is deleted and the following is substituted.
(10) If the Construction Proposal Signature and Execution Form is not properly executed and submitted with the bid.
Addendum number four included the following instruction: “Please substitute these revised sheets in the proposal previously furnished you and bid accordingly.”
As noted previously in this opinion, DOTD rejected Iafrate’s bid, as the lowest numerical bidder, in favor of Barriere, the second lowest numerical bidder, because Iafrate failed to submit its bid on the forms provided in addendum number four. In issuing addendum number four, DOTD instructed bidders to replace certain pages in their bid proposal package with new pages that modified the bid proposal in the following respects:
• Increased the quantity of Item 502(01)(C) from 320,820.4 tons to 345,-040.9 tons.
• Decreased the quantity of Item 509(01)(A) from 88,754 square yards to 79,605 square yards.
• Decreased the quantity of Item S-003 from 308,690 square yards to 301,096 square yards.
• Changed Item S-009 from “Side Drain Safety End (Type I)” to “Cross Drain Safety End (Type I)”.
• Increased the quantity of Item S-903 from 9,600 linear feet to 23,764 linear feet;
• Decreased the quantity of Item S-904 from 17,384 linear feet to 16,922 linear feet.
It is undisputed that the forms completed by Iafrate did not reflect the changes aforementioned, although after the bids were opened DOTD learned that the amounts calculated and written on the forms for each item were based on the modified quantities provided in addendum number four and not the quantities actually listed on the completed forms.
Based on the plain language of La. R.S. 48:255 and the directives given in the bid proposal package, we find that DOTD acted within the law in failing to waive the defects in Iafrate’s bid. La. R.S. 48:255(A) mandates that “[bjids of prospective bidders shall conform” to requirements in the project specifications and bid proposal package issued to prospective bidders. It further states that “[bjids not submitted in accordance with this Subpart or such other specified requirements are irregular and must be rejected by the department.” (Emphasis Padded). Therefore, the submission of an irregular bid by Iafrate gave DOTD just cause to reject the bid under La. R.S. 48:255. Cf. Barriere Construction Co., L.L.C. v. Terrebonne Parish Consolidated Government, 99-2271, p. 7 (La.App. 1st Cir.2/18/00), 754 So.2d 1123, 1127, writ denied, 00-0801 (La.5/5/00), 761 So.2d 546. Our conclusion that DOTD acted within the law in refusing to waive the defects of Iafrate’s bid moots our discussion of DOTD’s second assignment of error.
Finally, we address whether DOTD violated the 96-hour rule, found in La. R.S. 48:252(0(1), for the issuance of addenda and if such a violation provides, *978 under the facts of this case, an alternate basis for Iafrate’s recovery of damages.
La. R.S. 48:252(0(1) states that DOTD shall not issue or cause to be issued addenda materially modifying plans and specifications within 96 hours of the advertised time for the opening of bids. Addendum number four must be found to materially modify the plans and specifications since Iafrate’s failure to include the forms from addendum number four was the basis for DOTD’s rejection of its bid.
One of the four methods by which addenda are authorized to be issued under La. R.S. 48:252(0(2) is facsimile transmission. In regard to the issuance of addenda by means of facsimile transmission, La. R.S. 48:252(C)(2)(b) states that transmission of addenda to the telecopier number provided by the bidder on obtaining bidding documents “shall be conclusive evidence of receipt of such notice by the bidder to whom it is transmitted.”
The evidence in the record indicates that DOTD issued by facsimile transmission addendum number four to all bidders except Iafrate on May 31, 2000. DOTD attempted to similarly transmit the addendum to Iafrate on that same date, but was unable to transmit the document to the fax number provided by Iafrate. DOTD had successfully transmitted the other three addenda to the same number on previous dates. On the following day, June 1, 2000, DOTD contacted Iafrate and ^received an alternate fax number to transmit addendum number four. Iafrate received only a portion of addendum number four when DOTD attempted to fax the addendum from the same machine to the second fax number provided by Iafrate. DOTD then used another fax machine to transmit the entire addendum successfully to the second fax number provided by Iafrate, after 10:00 a.m. on June 1, 2000, which was less than 96 hours, excluding Saturday and Sunday, prior to the advertised time for the opening of bids. Therefore, it is not clear whether Iafrate’s failure to receive fax transmission was attributable to Iaf-rate or DOTD. Nevertheless, Iafrate did not protest this occurrence prior to DOTD’s opening of the bids; further, it admits to calculating its bid pursuant to the substance of addendum number four.
According to La. R.S. 48:252(C)(1), DOTD should have postponed the opening of bids for at least an additional seven days or rejected all the bids pursuant to La. R.S. 48:255(B)(5)(f). However, we find Iafrate’s submission of its bid and its failure to object to the violation of La. R.S. 48:252(0(1), prior to bidding, to be fatal to its claim that the violation justifies judgment in its favor. See Apolinar v. Professional Construction Services, 95-0746, pp. 4-5 (La.11/27/95), 663 So.2d 17, 19.
CONCLUSION
Based on the foregoing discussion, we find that the trial court improperly granted Iafrate’s motion for summary judgment and denied DOTD’s cross motion. We, therefore, reverse the trial court’s judgment granting Iafrate’s motion and render judgment herein granting the cross motion filed by DOTD. All costs in this matter are assessed to the appellee, Angelo Iafrate Construction, L.L.C.
REVERSED AND RENDERED.
WHIPPLE, J., concurs for reasons assigned.