h WHIPPLE, J.,
concurring.
For the cogent reasons expressed by Judge Parro in Barriere Construction Co., LLC v. Terrebonne Parish Consolidated Government, 99,2271, pp. 7-8 (La.App. 1st Cir.2/18/00), 754 So.2d 1123, 1127-1128, I agree with the result reached by the ma *979 jority herein. As this court noted in Bar-riere:
The statutory requirements, advertisement requirements, and bid form requirements, including those included by reference to other documents, must be completely and accurately observed. The Public Bid Law could not be more clear in stating that a bidder’s failure to comply with every detail can invalidate the bid. The consequences of such defects should be on the bidder who prepares the bid. It would put public entities in a totally untenable situation if this court were to require the waiver of certain irregularities in the face of the statutory prohibition. There could never be any certainty for the public entity during the bid opening procedure if a court could simply second-guess the process and state that a particular kind of defect should have been waived.
Thus, I respectfully concur in the result.