897 So.2d 724 (2004)
CB & I CONSTRUCTORS, INC.
v.
CITY OF THIBODAUX, Caldwell Tanks, Inc., Phoenix Fabricators & Erectors, Inc., and Pittsburg Tank & Tower Company Elevated Tank Division, Inc.
No. 2004 CA 1133.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
M. Brent Hicks, Baton Rouge, Gerard E. Wimberly, Jr., New Orleans, Counsel for Plaintiff/Appellant CB & I Constructors, Inc.
Daniel A. Cavell, Annette M. Fontana, Thibodaux, Counsel for Defendant/Appellee City of Thibodaux.
Christopher H. Riviere, Nicholas J. Zeringue, Thibodaux, Counsel for Defendant/Appellee Caldwell Tanks, Inc.
*725 Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
The City of Thibodaux (city) advertised for bids for an elevated storage tank project. On the day the bids were opened, March 24, 2004, the city rejected the bid from CB & I Constructors, Inc. (CB & I). The rejection was based on CB & I's failure to show its contractor's license number on the bid envelope, as required by La. R.S. 37:2163 A(1). On March 30, 2004, CB & I filed a petition praying for injunctive relief and a writ of mandamus ordering the city to accept the CB & I bid or reopen the bidding. The city was named as a defendant, along with the other bidders for the project.
After a hearing on the injunction, the trial court granted the city's motion for involuntary dismissal, and dismissed plaintiff's petition, with prejudice. CB & I appealed. We affirm.
The threshold issue is whether the bid specifications provided CB & I with sufficient notice of the statutory requirements. As notice, the city relies on statements in the bid advertisement section of the bid specifications. The statements notified the contractor that the bid must comply with the law, and referred all potential bidders to certain statutes. One of those statutes, La. R.S. 37:2163 A(1), required the placement of the contractor's license number on the bid envelope. Contrarily, CB & I contends that the city was required by law to include in the bid specification specific language stating that the contractor must show its contractor's license number on the face of the envelope. Thus, the city's failure to include that specific language required the court to enjoin the project, and either award the contract to CB & I or reopen the bidding.
A public entity must have a just, reasonable basis for rejection of a bid. La. R.S. 38:2214 B; New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223, pp. 12-13 (La.4/10/95), 653 So.2d 538, 544-45. However, statutory and bid advertisement requirements "shall not be waived by any public entity." La. R.S. 38:2212 A(1)(b). Even statutory requirements included by reference must be followed. The consequences of a failure to consult and heed statutory references should fall on the bidder. Barriere Construction Co., LLC v. Terrebonne Parish Consolidated Government, 99-2271, pp. 7-8 (La.App. 1 Cir. 2/18/2000), 754 So.2d 1123, 1127, writ denied, 00-0801 (La.5/5/00), 761 So.2d 546. Specifically, Louisiana R.S. 37:2163 A(1) provides, in pertinent part, that the awarding authority "shall place in their bid specifications the requirement that a contractor shall certify that he holds an active license ... and show his license number on the bid envelope." "[I]f the bid does not ... show the contractor's license number on the bid envelope, the bid shall be automatically rejected, shall be returned to the bidder marked `Rejected', and shall not be read aloud." La. R.S. 37:2163 A(1). (Emphasis added.)
After plaintiff has presented his evidence in a non-jury trial, any party may move for an involuntary dismissal. La. C.C.P. art. 1672B. The trial court may grant a motion for involuntary dismissal if the plaintiff fails to establish his claim by a preponderance of the evidence. Ross v. Premier Imports, 96-2577, p. 5 (La.App. 1 Cir. 11/7/97), 704 So.2d 17, 20, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750. On appellate review, the grant will not be disturbed absent manifest error in a credibility determination or an error of law. Ross, 96-2577 at pp. 5-6, 704 So.2d at 20-21.
*726 The bid specification package included the following: "No proposal will be considered unless it is accompanied by satisfactory evidence that the Bidder holds Louisiana State Contractor's License of proper classification and in full force and effect, in compliance with Act. Louisiana R.S. 37:2151-63." Admittedly, CB & I was aware of the citation to the statutes in the bid advertisement section of the specifications, but did not check those references. It is also undisputed that CB & I's license number did not appear anywhere on the bid envelope.
In its oral reasons for judgment, the trial court found that the bid requirement for compliance with the law, followed by the citation to applicable statutes including La. R.S. 37:2163, provided CB & I with sufficient notice. After our thorough review of the record, we agree. The essential facts are not in dispute and we find no error of law in the trial court's interpretation of the applicable statutes and jurisprudence.
CB & I was put on notice that it had to comply with the law, and the applicable statutes were referenced in the bid advertisement. It was CB & I's failure to read the referenced statutes that led to the absence of its license number on the bid envelope. We do not find that the city had to quote from every applicable statute or proofread the bid for legal correctness. Thus, CB & I's violation of the referenced statutory requirement provided a reasonable and valid basis for "automatically" rejecting the bid. La. R.S. 37:2163 A(1).
For these reasons, we affirm. The costs of the appeal are assessed to plaintiff/appellant, CB & I.
AFFIRMED.